# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AVION COOK, | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No. EA-24-815** |
| SUPERIOR ASSISTED LIVING, LLC, *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

## MEMORANDUM OPINION

Plaintiff Avion Cook initiated the above-captioned action on March 19, 2024, asserting violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and Maryland state law. ECF No. 1. Ms. Cook alleged that Defendants Superior Assisted Living, LLC (Superior), and Lorrie R. Davis failed to pay full minimum and overtime wages for all hours worked. *Id.* Pending before the Court is Defendants' joint motion that seeks to vacate the Court's entry of a default judgment against them for failure to comply with their discovery obligations. ECF No. 70. The motion is fully briefed (ECF No. 71), and no hearing is necessary, Local Rule 105.6 (D. Md. 2025).[1] For the reasons set forth below, the motion is denied.

## I. BACKGROUND[2]

Superior is an organization that provides assisted living services to elderly patients in the Baltimore area. ECF No. 1 ¶¶ 8–14. Ms. Davis is the owner and operator of Superior. *Id.* at ¶ 3.

---

[1] Defendants did not file a reply memorandum and the time for doing so has elapsed. Local Rule 105.2(a) (D. Md. 2025).

[2] The factual background is drawn from the allegations in the Complaint (ECF No. 1), which are deemed admitted following the Court's entry of a default judgment, *e.g.*, *Mey* v. *Phillips*, 71 F.4th 203, 223 (4th Cir. 2023).

Ms. Cook began working for Defendants in April 2022 as a caregiver on the night shift.  *Id.* at ¶
12–14.  On June 4, 2022, Ms. Cook informed Superior that her payment checks were not
accurately reflecting all hours she had worked.  *Id.* at ¶¶ 70–73.  Shortly thereafter, without
resolving the payment issue, Defendants phased Ms. Cook out of the work schedule.  *Id.* at ¶¶
74–75.

On March 19, 2024, Ms. Cook filed suit against Defendants alleging that they failed to
pay her the required minimum and overtime wages.  ECF No. 1.  On August 7, 2024, the Clerk
of the Court entered a default against Superior and Ms. Davis based on their failure to file a
responsive pleading.  ECF No. 26.  On August 27, 2024, Defendants moved to vacate the entry
of default and to dismiss the Complaint.  ECF Nos. 31–32.  On November 26, 2024, the Court
granted the motion to vacate the entry of default and denied Defendants' motion to dismiss.  ECF
Nos. 38–39; *Cook* v. *Superior Assisted Living, LLC*, Civil Action No. EA-24-815, 2024 WL
4894923 (D. Md. Nov. 26, 2024) (*Cook I*).  On this same date, the Court directed the parties to
begin discovery.  ECF No. 40.

On February 4, 2025, Ms. Cook requested a conference with the Court to discuss
Defendants' alleged failure to respond to written discovery requests.  ECF No. 46.  The Court
held a conference on February 7, 2025; ordered Defendants to respond to Ms. Cook's discovery
request by February 21, 2025; and advised Defendants of the possibility of sanctions under
Federal Rule of Civil Procedure 37 if they failed to comply with the Court's discovery Order.
ECF No. 49.  The Court's written Order that memorialized the conference reiterated the warning
regarding possible sanctions for non-compliance.  ECF No. 50.  A week after the deadline had
passed, on February 27, 2025, Ms. Cook filed a letter that outlined Defendants' noncompliance
with the Court's February 7, 2025 Order, and requested sanctions.  ECF No. 52.

On February 28, 2025, Defendants filed a renewed motion to dismiss that raised arguments nearly identical to those the Court had previously rejected.  ECF No. 53.  On April 8, 2025, Ms. Cook filed a letter that notified the Court that Defendants still had not responded to discovery requests and indicated she intended to seek entry of a default judgment as a sanction for Defendants' failure to engage in discovery.  ECF No. 57.  On April 11, 2025, the Court denied Defendants' renewed motion to dismiss; ordered Defendants to respond to the pending discovery requests by April 25, 2025; and again advised Defendants of the possibility of sanctions.  ECF No. 59.  On April 26, 2025, Ms. Cook filed a letter that outlined Defendants' failure to comply with this Court's April 11, 2025 Order and reiterated her intention to seek Rule 37 sanctions.  ECF No. 61.  On April 28, 2025, the Court, via paperless Order, acknowledged receipt of Ms. Cook's letter and directed Ms. Cook to "file a motion that sets forth the applicable facts and law to support her request for sanctions."  ECF No. 62.

On June 2, 2025, Ms. Cook moved pursuant to Rule 37 for entry of a default judgment based on Defendants' continued failure to participate in discovery and comply with the Court's discovery orders.  ECF No. 64.  On July 18, 2025—more than a month after Defendants' time to respond to the motion had expired—the Court ordered Defendants to show cause as to why Ms. Cook's motions for sanctions should not be granted.  ECF No. 66.  That Order specifically advised Superior and Ms. Davis that "failure to respond [within seven days] to this Order may result in an entry of default judgment against them."  On August 8, 2025—14 days after the show cause order deadline had expired—Defendants moved for an extension of time, stating that their failure to respond to the show cause order was due to the hospitalization of their counsel in

Nigeria, which rendered him "unable to attend to legal matters."  ECF No. 67 at 1.[3]  Defendants

did not substantively respond to Ms. Cook's arguments or indicate if they had ever responded to

Ms. Cook's discovery requests.

On August 11, 2025, the Court denied Defendants' motion, granted Ms. Cook's motion,

and entered a default against both Defendants.  ECF Nos. 68–69; *Cook* v. *Superior Assisted*

*Living, LLC*, Civil Action No. EA-24-815, 2025 WL 2306268, at *1 (D. Md. Aug. 11, 2025)

(*Cook II*).  On August 15, 2025, Defendants filed the instant motion.  ECF No. 70.  Thereafter,

on September 11, 2025, Ms. Cook filed a petition for damages and payment of attorney's fees

and costs.  ECF No. 72.  To date, Defendants have not filed a responsive pleading to that petition

and the time for doing so has elapsed.  Local Rule 105.2(a).  On October 3, 2025, Ms. Cook

moved to supplement her petition.  ECF No. 73.  Under Local Rule 105.2(a), Superior and Ms.

Davis have until October 17, 2025, to respond.

## II.    DISCUSSION

Superior and Ms. Davis move for reconsideration pursuant to Federal Rules of Civil

Procedure 59(e) and 60(b).  ECF No. 70.  Ms. Cook counters that Rule 59(e) is inapplicable, and

that Defendants fail to meet the standard for relief under Rule 60(b).  ECF No 71-1.  The crux of

Defendants' argument, however, is that they should be relieved from the Court's entry of default.

Entry of a default judgment is a two-step process, the first of which is "the entry of default."

*Fidrych* v. *Marriott Int'l, Inc.*, 952 F.3d 124, 130 (4th Cir. 2020); Fed. R. Civ. P. 55(a).  "The

second step is the subsequent entry of a default *judgment*, which may be done by the clerk" or

"by the district court," depending upon the certainty of the calculation of damages.  *Id.* (emphasis

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

in original); *see also* Fed. R. Civ. P. 55(b).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Rule 55(c) differentiates between relief from the entry of default and relief from a final default judgment." 10A *Wright & Miller's Federal Practice & Procedure* § 2692 (4th ed. 2025). As the Fourth Circuit Court of Appeals has instructed, "the standard for setting aside a default does not turn on whether the clerk or the district court entered the order, but on whether the default judgment is *final*." *Fidrych*, 952 F.3d at 130 (emphasis in original). "A default judgment that does not dispose of all of the claims among all parties is not a final judgment," and "[t]he demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment." Fed. R. Civ. P. 55(c) advisory committee's note to 2015 amendment. When discussing the interplay between Rules 55(c) and 60(b), the Fourth Circuit has explained that:

> Rule 60(b) motions request relief from judgment, which implicates an interest in finality and repose, a situation that is not present when default has been entered under Rule 55(a) . . . . Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s excusable neglect standard is a more onerous standard than Rule 55(c)'s good cause standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality.

*Colleton Prep. Acad., Inc.* v. *Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010) (internal quotations and citations omitted).

Here, the Court has not yet entered a final judgment. As set forth previously, *see* I., *supra*, the Court entered a default against Defendants as to liability as a sanction for their persistent failure to adhere to their discovery obligations and the Court's discovery orders. ECF Nos. 68–69; *Cook II*, 2025 WL 2306268. At the time of that ruling, the Court did not have an adequate evidentiary basis upon which to award damages, fees, and costs. *Id.* at *8. The Court therefore set a briefing schedule as to those issues (ECF No. 69), and Ms. Cook's unopposed

petition for damages, fees, and costs (ECF No. 72), as well as her motion to supplement (ECF No 73), are pending before the Court. "Because no damages were awarded, the district court's order was not a final judgment of default." *Fidrych*, 952 F.3d at 130; *see also Saunders* v. *Metropolitan Prop. Mgmt., Inc.*, 806 Fed. Appx. 165, 168 (4th Cir. 2020). Instead, "the order operated as nothing more than an entry of default, albeit one made by the court rather than the clerk." *Fidrych*, 952 F.3d at 130; *see also Saunders*, 806 Fed. Appx. at 168.

The fact that the Court ordered entry of default against Defendants as a Rule 37 sanction does not alter this analysis. *Lolatchy* v. *Arthur Murray, Inc.*, 816 F.2d 951, 952, 954 (4th Cir. 1987) (applying Rule 55(c) to a motion to set aside entry of default premised upon the defendant's failure to respond to discovery requests and comply with court orders); *see also McDonald* v. *Robinson*, No. 118CV697LMBTCB, 2019 WL 8886439, at *2 (E.D. Va. Aug. 7, 2019) (same with respect to entry of default as a Rule 37 sanction). Accordingly, the Court will construe Defendants' motion for reconsideration pursuant to Rules 59(e) and 60(b) as a Rule 55(c) motion to set aside the Court's entry of default against them.

### A. Federal Rule of Civil Procedure 55(c)

The standard for setting aside entry of a default is "good cause." Fed. R. Civ. P. 55(c). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Prep. Acad., Inc.*, 616 F.3d at 417. "Yet that general principle yields where there is evidence of 'bad faith,' a 'disregard for the mandates of procedure and the authority of the trial court,' or intentional or grossly negligent conduct underlying the default." *McDonald*, 2019 WL 8886439, at *2 (quoting *Pinpoint IT Servs., L.L.C.* v. *Atlas IT Exp. Corp.*, 812 F. Supp. 2d 710, 724 (E.D. Va. 2011)). "When deciding whether to set aside an entry of default, a district court should

consider [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada* v. *Brake*, 439 F.3d 198, 204-205 (4th Cir. 2006). Each of these factors is addressed in turn below.

        1.    <u>Meritorious Defense</u>

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc.* v. *Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). The defaulting party must put forward "more than a conclusory statement of fact," but the burden is "not onerous." *Commodity Futures Trading Comm'n* v. *Jali*, Civil Action No. PJM-20-2492, 2024 WL 249159, at *3 (D. Md. Jan. 23, 2024) (internal quotation marks and citations omitted). All that is required "is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States* v. *Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). It is not, however, for the Court to determine the veracity of Defendants' assertions or proffered evidence when deciding a motion to set aside a default, as those issues will be the subject of future litigation. *Russell* v. *Krowne*, Civil Action No. DKC-08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013).

Over the course of this litigation, Defendants have offered four defenses: (1) the Court lacks subject matter jurisdiction; (2) Ms. Cook's complaint fails to state a claim; (3) Ms. Cook's claims are barred by estoppel; and (4) Ms. Cook's claims are barred by fraud and illegality. ECF Nos. 31 at 2–3; 53 at 2–3. In *Cook I*, the Court considered and rejected Defendants' first and second defenses, finding "Ms. Cook's well-pleaded allegations [were] . . . sufficient to make the

application of FLSA to Defendants plausible." ECF Nos. 38–39; 2024 WL 4894923, at *7.

Three months after this decision was entered, Defendants again raised these jurisdictional

defenses and added their third and fourth defenses in a renewed motion to dismiss. ECF No. 53

at 2–3. The Court rejected the jurisdictional challenges for the reasons outlined in its previous

decision and found that Defendants had "waived their third and fourth arguments, as they failed

to raise them in either their Answer or initial motion to dismiss." ECF No. 59 at 2 (citing Fed. R.

Civ. P. 8(c)(1)).

In the instant motion (which consists of two pages), Defendants rely only on

"extraordinary circumstances" that justify setting aside the entry of default. ECF No. 70 at 1.

Importantly, they do not present or proffer evidence to support any of their defenses, including

their argument that FLSA was in applicable because Ms. Cook was an independent contractor.

Many decisions of this Court have found affidavits outlining facts to support a meritorious

defense sufficient to satisfy this factor. *E.g.*, *Marsh* v. *Bottoms Up Gentlemen's Club, LLC*, Civil

Action No. EA-23-1157, 2024 WL 2212910, at *2 (D. Md. May 15, 2024) (collecting cases).

Such a submission, however, is entirely lacking here. In light of the Court's previous rulings,

and "because the determination of a meritorious defense turns on the *evidence* presented by the

defaulting party," the Court cannot conclude that Defendants have presented a meritorious

defense. *Abanda* v. *OurBloc LLC*, Civil Action No. BAH-23-1071, 2025 WL 1866018, at *5 (D.

Md. July 7, 2025) (emphasis in original). This factor therefore weighs against Defendants.

## 2.    Reasonable Promptness

"A party attempting to set aside an entry of default must act with reasonable promptness

in responding to the entry of default." *Timilon Corp.* v. *Empowerment Justice Ctr. Corp.*, 738 F.

Supp. 3d 669, 681 (D. Md. 2024). Whether a party has taken reasonably prompt action must be

"gauged in light of the facts and circumstances of each occasion." *United States* v. *Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Here, Defendants filed their motion just four days after the entry of default and therefore acted with reasonable promptness. *Securities & Exch. Comm'n* v. *Lee*, Civil Action No. ABA-24-00296, 2025 WL 2781530, at *7 (D. Md. Sept. 30, 2025) (explaining that "to consider the movant's pre-default actions under factor 2 would duplicate factor 3 (personal responsibility) and especially factor 5 (history of dilatory action)" and therefore courts traditionally look only to "a movant's reasonable promptness in responding to the notice of default itself"). This factor therefore weighs in favor of Defendants.

3.     Personal Responsibility and History of Dilatory Action

The third and fifth *Payne* factors turn on similar considerations and therefore can be addressed together. *Timilon Corp.*, 738 F. Supp. 3d at 682. "The third factor pertains to whether the defaulting party was personally responsible for the default and the fifth factor considers whether there is a history of dilatory action." *National Liab. & Fire Ins. Co.* v. *Rooding*, Civil Action No. ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016). "In determining whether a default was the willful personal responsibility of a defendant, 'the extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.'" *Russell*, 2013 WL 66620, at *3 (quoting *Mezu* v. *Morgan State Univ.*, Civil Action No. WMN-09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010)).

There are myriad reasons why the Court finds that Defendants are personally responsible. First, this is the second time the Court has entered a default against Defendants, the first of which was entered before their current defense counsel entered his appearance. ECF Nos. 21, 26–27. Second, the Court previously found Defendants "have consistently ignored the Federal and Local

Rules and this Court's discovery Orders." *Cook II*, 2025 WL 2306268, at *4. After examining

their history of delay and failure to participate in discovery and heed court orders over the course

of six months, the Court concluded that "Defendants demonstrate a pattern of recalcitrance and

disregard for Orders governing the conduct of discovery that can only be characterized as bad

faith." *Id.* The undersigned declines to revisit these conclusions. Third, Defendants' new

justifications for their delay do not alter the Court's analysis, particularly in the face of their

continued failure to participate in this litigation. Defendants seek to set aside the entry of

default, yet they have simultaneously failed to respond to Ms. Cook's petition for damages, fees,

and costs. Fourth, as noted previously, *see* I., *supra*, Defendants' filing in connection with entry

and vacatur of the default against them are devoid of any information as to their compliance with

discovery obligations, which was the genesis of the entry of default. Finally, there are multiple

indicators in the record of this case that Defendants have personally (and not merely through

their counsel) neglected their responsibilities as litigants.[4]

    Further, Defendants have a long history of dilatory action that has brought the present

proceedings to a standstill. After Ms. Cook requested a discovery conference on February 4,

2025, Defendants were repeatedly warned of potential sanctions and afforded multiple

opportunities to reengage.[5] After failing to participate in discovery or respond to court orders for

---

[4] For example, prior defense counsel stated in his motion to withdraw that Defendants had refused to heed his advice, including with respect to contacting Ms. Cook. ECF No. 22 at 1. Additionally, during the February 7, 2025 discovery conference, current counsel stated that Defendants had not yet provided him with the documents that were past due to Ms. Cook. ECF No. 49. Ms. Cook indicated in correspondence with the Court regarding discovery deficiencies that Ms. Davis's document production was "void of any documents" and her interrogatory responses lacked her verification signature, as required by the Federal Rules. ECF No. 52.

[5] ECF Nos. 49 (February 7, 2025 discovery conference orally advising of possible sanctions, including default judgment); 50 (February 7, 2025 Order advising of possible sanctions); 52 (February 27, 2025 letter requesting sanctions); 57 (April 8, 2025 letter requesting

six months, Defendants for the first time tried to justify their delay in a motion for extension of time, filed weeks after the deadline for response imposed by this Court's Show Cause Order. ECF No. 67.  In that motion, Defendants attributed their failure to timely respond to their counsel being "medically indisposed, thereby rendering him unable to attend to legal matters."  *Id.* at 1. Yet, in the instant motion, Defendants contend their counsel's "unavailability was the direct result of a sudden, unforeseen, and grave family emergency involving the kidnapping of a close relative in Nigeria."  ECF No. 70 at 1.  It is difficult to square these conflicting accounts.  While the Court is sympathetic to either circumstance, the proffered reasons for Defendants' delay fall short.  Neither Defendants nor their counsel support these contradictory assertions with any substantive evidence—not even a declaration from counsel—nor do they provide a reason as to why this information was not timely provided to the Court.  Defense counsel has an affirmative obligation to his clients and the Court to promptly communicate circumstances that may lead to delay, and to "act with reasonable diligence and promptness in representing a client."  Md. Attorneys' Rules of Professional Conduct Rule 19-301.3.  Yet, he failed to do so.  "The fact that [Defendants'] attorney w[as] inattentive does not alleviate [Defendants'] personal responsibility," and Defendants "'cannot now avoid the consequences of the acts or omissions of [their] freely selected agent.'"  *Davis* v. *Walmart, Inc.*, Civil Action No. TJS-24-2163, 2025 WL 2521196, at *3 (D. Md. Aug. 29, 2025) (quoting *Link* v. *Wabash R. Co.*, 370 U.S. 626, 633–34 (1962)).  Both factors three and five weigh against Defendants.

---

default judgment); 59 (April 11, 2025 Order advising of possible sanctions, including default judgment); 61 (April 26, 2025 letter seeking default judgment); 62 (April 28, 2025 Order requiring Ms. Cook file a motion for sanctions); 64 (June 2, 2025 motion for sanctions); 66 (July 18, 2025 Order directing Defendants to show cause within seven days as to why a default should not be entered against them).

4.    <u>Prejudice</u>

A defaulting party's delay can be unfairly prejudicial where it results in, among other things, the loss of evidence or creates substantial discovery difficulties. *United States* v. *Britton-Harr*, Civil Action No. ELH-23-1921, 2024 WL 4434861, at *13 (D. Md. Oct. 7, 2024). Prejudice can also arise from unnecessary and avoidable delays that "hinder the opposing party's ability to develop their case." *Paice, LLC* v. *Hyundai Motor Co.*, Civil Action No. WDQ-12-499, 2014 WL 3819204, at *17 (D. Md. June 27, 2014). That is precisely what has occurred here. *Cook II*, 2025 WL 2306268, at *4 (D. Md. Aug. 11, 2025) ("Defendants' refusal to participate in discovery has materially prejudiced Ms. Cook, who is significantly limited in her ability to prosecute this action."). Setting aside the entry of default would reinstate the prejudice caused by Defendants' refusal to meaningfully participate in this litigation and further prejudice and delay resolution of Ms. Cook's claims. This factor also weighs against Defendants.

5.    <u>Availability of Less Drastic Sanctions</u>

"The Court must also consider whether there are less drastic sanctions available to cure any prejudice." *National Liab. & Fire Ins. Co.*, 2016 WL 5144493, at *9. "Where appropriate, courts in this circuit have crafted alternative sanctions to avoid default." *Id.* For example, "[c]ourts have concluded that sanctions less drastic than final judgment can include monetary sanctions for the costs of litigating the entry and setting aside of the default order." *Timilon Corp.*, 738 F. Supp. 3d at 683 (internal quotations and citations omitted).

Here, Defendants have repeatedly ignored this Court's discovery orders and, in doing so, have demonstrated the ineffectiveness of less drastic sanctions. As this Court stated in *Cook II*:

> "In cases where a [party] has been completely unresponsive in discovery, this court has found that any sanctions less drastic than dismissal of the case would be ineffective. . . . In fact, in situations such as this one, where one party has brought the case to a hal[t]

> through a failure to participate in discovery, the other relevant
> sanctions available under Rule 37 are a poor fit because their
> effectiveness depends on the lawsuit moving forward."

2025 WL 2306268, at *5 (quoting *Allen* v. *One Stop Staffing, LLC*, Civil Action No. ELH-19-2859, 2021 WL 5416530, at *5 (D. Md. Nov. 19, 2021)).  Therefore, this factor also weighs against Defendants.

In sum, only one factor of five, the reasonable promptness of the motion, weighs in favor of Defendants.  On balance, analysis of the *Payne* factors counsels against setting aside the entry of default.  When faced with similar fact patterns, this Court and other courts in this Circuit have reached the same conclusion.  *E.g.*, *Old Republic Nat'l Title Ins. Co.* v. *Georg*, Civil Action No. RDB-21-0842, 2023 WL 2185777, at *5 (D. Md. Feb. 23, 2023) ("Such consistent dilatory behavior, further emphasized by the bare bones instant Motion, is unbecomingly characteristic in this litigation.  Therefore, viewing the *Payne* factors in totality, particularly Defendant's ongoing evasive behavior and lack of participation in the case, entry of default remains proper."); *Dominion Fin. Servs., LLC* v. *Pavlovsky*, Civil Action No. JKB-22-00705, 2022 WL 4631072, at *4 (D. Md. Sept. 30, 2022) ("Even in view of the overarching principle that disputes brought before this Court should be litigated on their merits . . . the Court finds that it would be inappropriate to excuse behavior as evasive as [Defendant]'s by allowing him another opportunity to answer [Plaintiff's] claims."); *McDonald*, 2019 WL 8886439, at *2 (concluding that "setting aside the default would not serve the interests of justice and would only encourage misbehavior or dilatory tactics" in light the defendants' "ongoing failure to comply with basic

court orders, deadlines, and obligations" despite having "multiple opportunities to come into

compliance").  The relief Defendants seek is therefore unavailable under Rule 55(c).[6]

## III.    CONCLUSION

For the reasons set forth above, Defendants' motion (ECF No. 70) is denied.  A separate

Order follows.

Date:  October 10, 2025                                 _____/s/_____

Erin Aslan
United States Magistrate Judge

---

[6]  Defendants argue they are entitled to relief under Rules 59(e) and 60(b) and Ms. Cook contends that Rule 59(e) is inapplicable.  ECF Nos. 70 at 1, 71-1 at 1–2.  As set forth previously, *see* II., *supra*, neither rule is applicable here because the Court has not entered a final judgment. Even if the Court's entry of default as a sanction were construed as a final judgment, neither of these rules provide an avenue for relief for Defendants.  Under Rule 59(e), a judgment may be altered or amended under only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Pacific Ins. Co.* v. *Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Although they reference Rule 59(e) in passing, Defendants do not argue any of these grounds.  Instead, they primarily argue for relief under Rule 60(b), relying on "extraordinary circumstances."  ECF No. 70 at 1; *see also* Fed. R. Civ. P. 60(b).  Yet, Rule 60(b) relief is unavailable to Defendants due to the timing of their motion.  The Fourth Circuit has instructed that if a post-judgment "motion is filed within the [28 day] timeline in Rule 59(e), then the motion is construed as a Rule 59(e) motion, regardless of label."  *Thomas* v. *South Carolina Dep't of Mental Health*, No. 23-2190, 2024 WL 4298146, at *1 (4th Cir. Sept. 26, 2024).  Here, Defendants filed their motion four days after the entry of default.  ECF No. 70.  Thus, to the extent that Rule 55(c) does not apply, Defendants' motion would be governed by Rule 59(e) and not Rule 60(b).  Defendants have not attempted to meet the criteria for Rule 59(e) relief.